[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR DISTRIBUTION OF PAYMENTS
This is a case which is currently on appeal; the court has ordered use and occupancy payments to be made to the clerk's office during the pendency of the appeal pursuant to § 47a-35a of the General Statutes. The plaintiff landlords have requested by motion that the funds be ordered to be disbursed to them, as the subject premises are encumbered by a mortgage and the landlords are allegedly in danger of suffering hardship if they receive no income from the property during the pendency of the appeal. The defendant tenant has opposed the motion, and has suggested that the applicable statutes, §§ 47a-35a and 47a-35b, do not provide for any disbursement prior to the final disposition of the appeal. On questioning at oral argument, the attorney for the CT Page 6168-A defendant candidly and responsibly conceded that, at least at this point, there was no issue which might militate toward disbursing some of the use and occupancy payments to the tenant, that is, were the appeal to terminate at the time of the argument of the motion, the funds would routinely be disbursed to the landlord.
We are presented, then, with a scenario in which, were §47a-35b to be applied literally, the landlord would be better off losing than winning, at least in the short run. The appeal is based substantially on the proposition that the Appellate Court should reverse Bridgeport v. Barbour-Daniel Electronics,16 Conn. App. 574 (1988) and adopt, instead, the dissenting position in that case. The court agreed to stay execution on the general proposition that the cases ought to be heard on the merits[1]
and that this appeal did not appear to be taken solely for purposes of delay. By denying the motion to terminate the stay, however, I did not intend to penalize the party who had prevailed on the merits.
Although it is true that, on its face, § 47a-35b does indeed contemplate disbursement at the conclusion of an appeal, it is also true that on the facts of this case no reason has been advanced to suggest that the funds will not ultimately be disbursed to the landlord. On the other hand, if the funds are CT Page 6168-B not disbursed, the plaintiff may suffer irreparable injury. Historically this court has exercised equitable powers especially as to post-judgment matters; see, e.g., Norman Associates v.Vann, H-437 (Housing Session 1983) (Aronson, J.); Wyngate, Inc.v. Bozak, Inc., H-684 (Housing Session 1985) (Goldstein, J.); and, although it may appear that equity has most often been applied to alleviate potentially irreparable injury to tenants, what is sauce for the goose is sauce for the gander.[2]
I find, then, that the funds accumulated in the clerk's office thus far may be disbursed to the plaintiffs. Funds deposited during the pendency of the appeal may continue to be disbursed to the plaintiffs. If the defendant should by motion suggest a bona fide reason why a portion of the funds should be disbursed back to her or to some other party, she may make a motion which will be heard by the court.
Beach, J.